## Abstracts of This Week's
# SUPREME COURT OPINIONS

### SYLLABI
No. 438

No. 19268—B. F. Brady et v. H. I. N. Stafford, receiver. Error to the Tuscarawas Appeals.

765. MINES AND MINING—Verbal representations of grantor to grantee regarding quantity of coal in land cannot bind third party not present when representations were made.

355. DAMAGES—1. Where coal is taken from under land of another wilfully, wrongfully and intentionally, and without right measure of damages is value at mouth of mine, no deduction being allowed for mining same.

2. Where coal is taken without right, but innocently or by mistake measure of damages is value of coal in place.

480. EVIDENCE—Where objection is made to admission of certain testimony and objection overruled, no further objection necessary when same class of testimony is again presented.

DAY, J.

1. Verbal representations made by a grantor to a grantee at the time of the making and executing of a deed, concerning the amount of coal underlying the real estate so conveyed, cannot bind a third party not present at the time such representations are made, where such third party is sued for damages for the wrongful taking of such coal.

2. Where there has been a sufficient and specific objection to the admission of testimony concerning a conversation, which is overruled and exception noted, it is not necessary to repeat the objection whenever testimony of the same class is offered as the admission of such

## OHIO SUPREME COURT—Continued

testimony may be urged as a ground of error in a reviewing court.

3. Where coal is taken from under the land of another, wilfully, wrongfully and intentionally, and without right, the measure of damages to the owner of such coal is the market value of the same at the mouth of the mine, without any deduction for the cost of labor and other expenses incurred in severing and transporting such coal to the mouth of the mine.

4. When coal is taken without right, but innocently or by mistake and under the bona fide belief that it was the property of the taker, the measure of damages to the owner of such coal is the value of the coal in place. So also may be considered every circumstance, natural or artificial, which tends to enhance or diminish the value of such coal in place. Burgner vs Humphreys, 41 Ohio Street, 340 Keys vs P. & W. Coal Co., 58 Ohio Street 246, followed and approved.

Judgment affirmed.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.